UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERIC D. BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-187 JD |
| | ) | |
| HH GREGG, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Eric D. Booker filed suit against his former employer, HH Gregg, asserting an array of employment discrimination and retaliation claims. He also filed an amended petition for leave to proceed *in forma pauperis*, which now shows that he is financially eligible to proceed without pre-payment of the filing fee.

However, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted" or that the action "is frivolous or malicious." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

First, Mr. Booker asserts a claim under the Age Discrimination in Employment Act. However, the Age Discrimination in Employment Act only applies to "individuals who are at

least 40 years of age," 29 U.S.C. § 631(a), and Mr. Booker expressly alleges that he was 33 to 38 years old at the time of his employment. Therefore, the Age Discrimination in Employment Act offers him no relief. Mr. Booker also asserts a claim under the Genetic Information Nondiscrimination Act, because his "genetics are African American." However, the Genetic Information Nondiscrimination Act prohibits discrimination because of "genetic information," meaning an "individual's genetic tests," 42 U.S.C. § 2000ff(4)(A), not an individual's race. Mr. Booker's complaint does not include any allegations relating to genetic tests, so his claim under the Genetic Information Nondiscrimination Act likewise fails. Mr. Booker further asserts a claim under the Equal Pay Act because he was paid less than other employees. However, the Equal Pay Act prohibits discrimination in compensation "on the basis of sex," 29 U.S.C. § 206(d)(1), and Mr. Booker does not allege that any pay disparity was due to his sex. Accordingly, the complaint fails to state a claim under the Equal Pay Act.

Finally, Mr. Booker asserts discrimination and retaliation claims under Title VII and the Americans with Disabilities Act, alleging that he was discriminated against because of his race and because of his multiple disabilities, and that he was retaliated against for filing charges of discrimination. The complaint also states, though, that Mr. Booker received his Right to Sue Notice from the Equal Employment Opportunity Commission on June 1, 2010—nearly six years before he filed his complaint on May 27, 2016. A suit must be filed within 90 days of receiving such a notice, 42 U.S.C. § 2000e-5(f)(1), making this suit untimely by nearly six years.

Mr. Booker's complaint hints at a basis for equitable tolling, which can extend a limitations period, by noting that his suit is untimely because of injuries he sustained that resulted in a permanent disability. However, disabilities can only toll a limitations period where the plaintiff's "medical condition *actually* prevented [him] from satisfying the limitations

requirement." *Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004). As the Seventh Circuit

stated in *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), an illness "tolls a statute of

limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus

from understanding his legal rights and acting upon them." *See also Gray*, 115 F. App'x at 894

(holding on a motion to dismiss that a plaintiff's physical limitations did not justify tolling where

she was still able to make telephone calls, write letters, and attend appointments); *Clark v.

Runyon*, 116 F.3d 275, 278 (7th Cir. 1997) (finding that a plaintiff's physical limitations did not

justify tolling where the plaintiff was able to make phone calls and leave her home at least

sporadically). Mr. Booker does not suggest that any disability has actually prevented him from

understanding or acting upon his legal rights. To the contrary, his supplemental filing indicates

that he has been pursuing claims for disability benefits since 2010, that he has been represented

by counsel for at least a portion of that time, and that he has regularly visited his doctors' offices

for treatment over that time. The Court therefore finds that these claims are frivolous to the

extent that they are untimely by many years, so they must be dismissed.

The Court will, however, give Mr. Booker an opportunity to amend his complaint to add

any additional claims or to present a valid basis for excusing the extreme untimeliness of these

claims. Accordingly, the court:

(1)     DISMISSES the complaint [DE 1];

(2)     TAKES the motion for leave to proceed *in forma pauperis* [DE 4] under

advisement;

(3)     GRANTS Mr. Booker to and including September 19, 2016, to file an amended

complaint; and

(4)      CAUTIONS Mr. Booker that if he does not respond by the deadline, this case will

be dismissed without further notice.

SO ORDERED.

ENTERED:  August 23, 2016

                              _____/s/ JON E. DEGUILIO_____
                              Judge
                              United States District Court